IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:24-cv-00288-M-KS

| | |
|---|---|
| KEITHA BLACKBURN,<br><br>                           Plaintiff,<br><br>v.<br><br>INEOS AUTOMOTIVE AMERICAS, LLC, and GREGORY J. CLARK,<br><br>                           Defendants. | REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |

Defendants INEOS Automotive Americas, LLC ("INEOS") and Gregory J. Clark ("Clark") (collectively, "Defendants"), respectfully submit this Reply in Support of their Motion to Dismiss the Amended Complaint of Plaintiff Keitha Blackburn ("Plaintiff").

**ARGUMENT**

Plaintiff's task in opposing Defendant's Motion to Dismiss was to demonstrate that her Amended Complaint includes sufficient factual allegations to support her scattershot claims. She has not succeeded. Plaintiff rehashes most of her allegations and in many places completely fails to address Defendants' arguments for dismissal. As such, Plaintiff has underscored the fact that her claims are not supported by sufficient factual allegations and should be dismissed.

**I. CHECKING A BOX IS NOT SUFFICIENT TO EXHAUST ADMINISTRATIVE REMEDIES UNDER TITLE VII**

Plaintiff argues that her initial November 20, 2023 EEOC Charge adequately put "Defendants on notice of [her] race discrimination claims" such that subsequent allegations of race discrimination included in her January 11, 2024 Amended EEOC Charge should "relate back" to her initial filing. DE 26 p 6. She continues that "[i]n her original charge, the EEOC intake officer marked off the grounds of discrimination as race, sex and retaliation" and that the initial EEOC

Charge stated that there were "several incidents of **negative bias** toward me during my employment that can be provided later if necessary." DE 26 pp 5-6 (emphasis added).

Plaintiff did not preserve her Title VII race discrimination claim by checking the box for race discrimination and alleging unidentified "negative bias." While Plaintiff is correct that courts are instructed to construe administrative charges liberally, "[i]f the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will [] be procedurally barred." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citing *Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) (en banc)).

Here, there is no indication in Plaintiff's initial EEOC Charge that she intended to allege race discrimination besides checking the box marked "race." *See Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 575–77 (E.D. Va. 2009) (dismissing Title VII retaliation claim for lack of exhaustion where the plaintiff checked the "retaliation" box, but the EEOC charge failed to explicitly allege retaliation). Further, Plaintiff's initial EEOC Charge does not include any facts to support a claim for race discrimination. Most notably, the body of the initial EEOC Charge does not identify Plaintiff's race or mention race in any way.

New allegations may only relate back to an initial filing if they relate to or grow out of the subject matter of the original charge. 29 C.F.R. § 1601.12(b). However, "an amendment alleging a new theory of recovery generally will not relate back to the original filing date." *McCray v. Maryland Dept. of Transp.*, 662 Fed. Appx. 221, 225 (4th Cir. 2016). Plaintiff included no allegations to support a claim for race discrimination in her initial EEOC Charge and consequently there are no allegations to which her amended EEOC Charge could relate back. Accepting Plaintiff's argument would allow future plaintiffs to file a "timely" bare bones EEOC Charge checking every box while providing no supporting facts but later amending that charge to include

countless new theories of recovery. The Court should reject this argument.

## II. RACE AND SEX DISCRIMINATION UNDER TITLE VII AND SECTION 1981

### A. *Plaintiff concedes she does not state a Title VII claim against Clark.*

Plaintiff admits she does not state a Title VII claim against Defendant Clark. DE 26 p 6.

### B. *Plaintiff makes no factual allegations to support a claim for race or discrimination under Title VII.*

In her opposition, Plaintiff confirms that her claims of discrimination rest on the conclusory allegation that she was treated differently than white or male employees. DE 26 p 9. However, it is simply not enough for a plaintiff to claim differential treatment. Rather, to state a plausible claim a plaintiff must allege that she was similarly situated to those employees who received more preferential treatment. Even after amending her Complaint, Plaintiff has not done this.

Plaintiff offers no facts to identify the job title or duties of any alleged comparator. Without enhancement, Plaintiff's allegations fail to show that any comparators were "actually similarly situated" to Plaintiff. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010); *see also Sillah v. Burwell*, 244 F. Supp. 3d 499 (D. Md. 2017) (dismissing race discrimination claim where plaintiff "fail[ed] to plead sufficient facts showing the more favorably treated co-workers were true comparators in that the co-workers held the same position, performed the same work, and were supervised by the same individuals as Plaintiff"). Plaintiff attempts to argue that she was treated differently than white employees due to her "relocation requirement,"; however, simply pointing out that she had to do something that her white counterparts did not, is not sufficient to state a race discrimination claim. *See Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009) (holding that merely alleging that actions conducted against an individual of a protected class were not also conducted against white employees is conclusory and insufficient for a discrimination claim).

As it relates to sex, Plaintiff has not identified any male employee who received more preferential treatment than her and provides no facts from which the Court could conclude that any male was a true comparator. *Sillah*, 244 F. Supp. 3d 499. Plaintiff merely alleges that "male employees were also given relocation arrangements that accommodated a transition timeframe that befitted their life and family commitments." DE 17 ¶ 22. Plaintiff does not even allege which male employees were provided with this better treatment.

Plaintiff's contention that her complaints about Jeffes were not taken seriously until a white male and white female complained also fails to save her claim. DE 26 p 9. Plaintiff does not allege that leadership reacted differently to complaints by other employees or that Jeffes even learned about the other complaints. While Plaintiff's allegations may be "consistent with discrimination, [they do] not alone support a *reasonable inference* that the decisionmakers were motivated by bias." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (emphasis in original). Plaintiff's claims for discrimination on the basis of race and sex under Title VII should be dismissed.

### C. *Plaintiff fails to allege a plausible claim under Section 1981.*

Plaintiff offers no specific arguments to save her Section 1981 claim. Instead, Plaintiff writes that her "Amended Complaint of at least 81 allegations, support a claim against all defendants for a violation of 42 U.S.C. § 1981." DE 26 p 10. The quantity of allegations is no substitute for their quality and for the reasons detailed above, Plaintiff fails to provide plausible allegations of race discrimination.

Notably, Plaintiff attempts to assert a Section 1981 race discrimination claim against Clark individually based solely on the allegation that he terminated her employment. DE 26 p 9. This is not enough. Generally, an individual "may be liable for violations of § 1981 if they have intentionally discriminated against plaintiff." *Benjamin v. Sparks*, 173 F. Supp. 3d 272, 283

(E.D.N.C. 2016) (quoting *Pearsall v. Child Advocacy Comm'n of Lower Cape Fear, Inc.*, No. 7:98 CV 200 BR, 2000 WL 33682693, at *6 (E.D.N.C. Feb. 15, 2000)). "Personal liability under section 1981 must be predicated on the actor's personal involvement." *Id.* (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004)). The Amended Complaint contains no facts from which the Court could infer that Clark acted with any racial animus. Plaintiff does not claim that Clark made any race-related statements. Plaintiff does not even allege that Clark was the person responsible for treating white and male employees differently than her. Consequently, Plaintiff has failed to sustain a Section 1981 race discrimination claim against Clark.

### III. HOSTILE WORK ENVIRONMENT UNDER TITLE VII AND SECTION 1981

Plaintiff argues that her Amended Complaint identified "an excessive number of acts of harassment" but cites just two instances: (1) being called "sweetheart" by Clark; and (2) being bullied by her co-worker, Steve Jeffes. DE 26 p 11. Both Title VII and Section 1981 require more than this to state a claim for hostile work environment.

In order to establish a hostile work environment claim, the offending conduct must be "sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016). Making an objective showing of "severe or pervasive" conduct is a high bar to clear. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). In order to make such a showing, a plaintiff must show more than "bruised or wounded feelings." *Id.* Discriminatory conduct must be "aimed to humiliate, ridicule or intimidate" the victim to be actionable. *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007) (en banc). Further, the harassing "conduct must be [so] extreme [as] to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Indeed, as the Supreme Court observed, "simple teasing, offhand comments, and isolated incidents (unless

extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id*. (internal quotations and citations omitted); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

Here, the alleged conduct looks more like conduct that the Fourth Circuit has not deemed as severe or pervasive. *See Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754-55 (4th Cir. 1996) (finding series of sexual innuendos and provocative comments did not create a hostile work environment); *see also Buchhagen v. ICF Int'l, Inc.*, 545 Fed Appx. 217, 219 (4th Cir. 2013) (holding allegations a supervisor mockingly yelled at the plaintiff in a meeting, yelled and pounded her hands on a desk during another meeting, repeatedly harped on a mistake by the plaintiff, made snide comments to the plaintiff, played favorites and pitted employees against each other, and unfairly scrutinized and criticized the plaintiff's use of leave and lack of compliance with directives fell "far short of being severe or pervasive enough to establish an abusive environment"). Furthermore, Plaintiff has not claimed that the alleged harassment unreasonably interfered with her performance. *Sunbelt Rentals*, 521 F.3d at 316 (internal citations omitted). To the contrary, Plaintiff alleges that her performance was satisfactory throughout her employment. DE 17 ¶¶ 34-35. Consequently, Plaintiff's hostile work environment claims should be dismissed.

IV.  **RETALIATION UNDER TITLE VII**

Plaintiff admits that her retaliation claim is premised entirely on the temporal proximity between her "last complaint of the sexual harassment to her supervisor and her termination." DE 26 p 11. However, as noted in Defendants' motion to dismiss, temporal proximity alone is insufficient to establish a Title VII retaliation claim. *See Kroboth v. Eli Lilly & Co.*, 5:19-CV-222-FL, 2023 WL 2702539, at *10 (E.D.N.C. Mar. 29, 2023) (stating that temporal proximity alone does not establish a causal connection and the plaintiff failed to produce other relevant evidence permitting a reasonable inference of causal connection).

Even if temporal proximity were sufficient, the Amended Complaint does not provide specific allegations of *when* Plaintiff asked Clark to stop calling her "sweetheart" that would allow the Court to find temporal proximity. Plaintiff alleges that "[t]here was temporal proximity between Plaintiff's last complaint of the sexual harassment to her supervisor and her termination." DE 17 ¶ 50. Notably missing are allegations of when she last told Defendant Clark to "not call her 'sweetheart.'" Instead, the Amended Complaint provides that "[s]ometime between February 2023 and May 23, 2023, Clark began calling Plaintiff 'Sweetheart' about once or twice a week. Plaintiff informed him on multiple occasions not to call her 'Sweetheart.'" *Id*. at ¶ 33.

Without specificity as to when Plaintiff allegedly told Clark to stop calling her "sweetheart" prior to her termination, Plaintiff's purported protected activity could have occurred in February 2023, nearly four months prior to her termination. This period is too long to support an inference of causation. *See King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (finding that two months and two weeks is "sufficiently long as to weaken significantly the inference of causation between the two events"); *Perry v. Kappos*, 489 Fed. Appx. 637, 643 (4th Cir. 2012) (holding that a three month lapse was too long to establish causation without more).

"Where the time between the events is too great to establish causation based solely on temporal proximity, a plaintiff must present 'other relevant evidence . . . to establish causation,' such as 'continuing retaliatory conduct and animus' in the intervening period." *Id.* (quoting *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)); *see also Clark Cnty. School Dist.*, 532 U.S. at 273-74 (holding that a mere temporal proximity between the protected activities and the adverse employment action may be considered in determining whether a causal link exists if the proximity is "very close," but the implication of causation wanes as months pass).

In *Flanigan v. Fayetteville State Univ.*, this Court dismissed a retaliation claim in similar

circumstances. Case No. 5:15-CV-448-FL, 2016 WL 224107, at *8 (E.D.N.C. Jan. 19, 2016). There, the Plaintiff "provide[d] little information concerning the dates the conduct occurred from which the court [could] conclude that a very close temporal relationship implying causation existed between the protected activity and the conduct." *Id.* Further, the plaintiff provided "no other evidence of causation" besides an allegation that "her protected activity was 'discussed with other employees' on April 7, 2015." *Id.* She did not, however, make any allegations to connect her protected activity to adverse action.

Similarly here, Plaintiff does not provide specific allegations to show that any actions against her were taken with retaliatory animus. She does not allege any statements showing retaliatory animus. Unlike the plaintiff in *Flanigan*, Plaintiff does not even allege that anyone discussed her protected activity internally. As such, Plaintiff's Amended Complaint does not demonstrate the necessary element of causation.

## V. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Plaintiff appears to concede that she is not raising a claim for retaliation under state law, as her opposition only references wrongful termination on the basis of race and sex. DE 26 p 11.

## VI. BREACH OF IMPLIED CONTRACT

In her opposition, Plaintiff contends that she entered a unilateral contract with INEOS as its Director of Public Relations and Marketing Communications. DE 26 p 12. North Carolina has recognized a unilateral contract theory with respect to certain benefits relating to employment. *See White v. Hugh Chatham Mem'l Hosp. Inc.*, 97 N.C. App. 130, 387 S.E.2d 80 (1990) (accepting legal theory of contractual entitlement to disability payments); *Welsh v. Northern Telecom, Inc.*, 85 N.C. App. 281, 354 S.E.2d 746 (1987) (acknowledging legal claim to vacation and retirement benefits); *Brooks v. Carolina Tel. & Tel. Co.*, 56 N.C. App. 801, 290 S.E.2d 370 (1982) (finding severance payments part of a unilateral contract). In *Rucker*, however, the court declined "to apply

a unilateral contract analysis to the issue of wrongful discharge." *Rucker v. First Union Nat. Bank*, 98 N.C. App. 100, 103, 389 S.E.2d 622, 625 (1990). The court in *Rucker* reasoned that "to apply a unilateral contract analysis to the situation before us would, in effect, require us to abandon the 'at-will' doctrine which is the law in this State. This we cannot do." *Id.*

Here, Plaintiff cannot point to a contract for a definite period of employment and was therefore an at-will employee. Furthermore, the Amended Complaint contains no allegations that identify or show any specific terms of employment. Therefore, because she is alleging wrongful termination, Plaintiff cannot recover under a unilateral contract theory. *See Guarascio v. New Hanover Health Network, Inc.*, 163 N.C. App. 160, 165-166, 592 S.E.2d 612, 615 (2004).

Plaintiff attempts to bolster her implied contract claim by pointing to theories of reliance, collateral estoppel, and/or false inducement. North Carolina does not recognize promissory estoppel in this context. *See River's Edge Pharms., LLC v. Gorbec Pharm. Servs., Inc.*, Case No. 1:10CV991, 2012 WL 1439133, at *10 (M.D.N.C. Apr. 25, 2012) ("[W]hile some courts will use affirmative or offensive promissory estoppel to supply a missing contract term, and bind the parties, North Carolina courts do not recognize a claim for this type of 'offensive' promissory estoppel.") (citing *Home Elec. Co. of Lenoir, Inc. v. Hall and Underdown Heating and Air Conditioning Co.*, 86 N.C. App. 540, 543, 358 S.E.2d 539, 541 (1987)).

Plaintiff relies upon *State Highway Comm'n. v. Thornton*, 271 N.C. 227, 156 S.E.2d 248 (1967). However, *Thornton* is inapplicable because it is a condemnation case and Plaintiff cites to a portion dealing with whether a landowner is estopped from contesting the right to take in his answer. Plaintiff offers no relevant case law to supports her argument for offensive promissory estoppel, nor does she offer any authority supporting a theory of reliance or false inducement.

## VII. TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT

To salvage her claim for tortious interference, Plaintiff contends for the first time in her

opposition that Defendant Clark acted with malice in "prevent[ing] Plaintiff's contractual right with INEOS." DE 26 p 15. Plaintiff's conclusory allegations of malice in her opposition are insufficient to support her claim. *See Button v. Level Four Orthotics & Prosthetics, Inc.*, 380 N.C. 459, 469, 869 S.E.2d 257, 266 (2022). Instead, Plaintiff's Amended Complaint is required to show "a factual basis to support the claim of malice." *Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 605, 646 S.E.2d 826, 833 (2007). Of note, Plaintiff's Amended Complaint does not even include the word "malice" and she does not provide any supporting allegations to bolster her claim.

## VIII. BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

As it relates to her claim for the Breach of Implied Duty of Good Faith and Fair Dealing, Plaintiff's Opposition offers no substantive arguments to rebut Defendants' contentions. DE 26 p 16. Again, Plaintiff cannot point to a valid employment contract that would even give rise to any implied duty of good faith and fair dealing. Further, Plaintiff does not attempt to point to any facts, presumably because there are none, to support her contention that "Defendant INEOS breached its implied duty of good faith and fair dealing in their dealings with Plaintiff in connection with the employment agreement." DE 17 ¶ 76. Therefore, Plaintiff's Amended Complaint is insufficient to state a claim against INEOS for breach of implied duty of good faith and fair dealing. *See United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F.Supp.3d 283, 292 (E.D.Va. 2018) ("Failure to respond to an argument made in a dispositive pleading results in a concession of that claim.")

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice in its entirety.

This the 29th day of October, 2024.

/s/ *Tory Ian Summey*
Tory Ian Summey
N.C. State Bar No. 46437
**Parker Poe Adams & Bernstein LLP**
620 South Tryon Street, Suite 800
Charlotte, NC 28202
T: (704) 335-9036
F: (704) 334-4706
Email: torysummey@parkerpoe.com

Jeremy D. Locklear
NC State Bar No. 50842
**Parker Poe Adams & Bernstein LLP**
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
T: (919) 828-0564
F: (919) 834-4564
Email: jeremylocklear@parkerpoe.com

*Attorneys for Defendants INEOS Automotive Americas, LLC, and Gregory J. Clark*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice of the same to counsel of record.

This the 29th day of October, 2024.

/s/ *Tory Ian Summey*
Tory Ian Summey
N.C. State Bar No. 46437
**Parker Poe Adams & Bernstein LLP**
620 South Tryon Street, Suite 800
Charlotte, NC 28202
T: (704) 335-9036
F: (704) 334-4706
Email: torysummey@parkerpoe.com

Jeremy D. Locklear
NC State Bar No. 50842
**Parker Poe Adams & Bernstein LLP**
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
T: (919) 828-0564
F: (919) 834-4564
Email: jeremylocklear@parkerpoe.com

*Attorneys for Defendants INEOS Automotive Americas, LLC, and Gregory J. Clark*